**SO ORDERED: May 30, 2007.**

_____

**Frank J. Otte**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

```
IN RE:                         )
PHYLISS JEAN GADDIS            )      CASE NO.05-82917-FJO-7
     Debtor                    )
_____ )
JAMES MCULLOUGH, BRICE JONES,  )
JUDY WHITAKER AND JOHN DAVIS   )
     Plaintiffs                )
                    vs.        )      Adversary Proceeding
PHYLISS JEAN GADDIS            )       No. 06-58005
     Defendant                 )
_____ )
```

<u>**FINDINGS OF FACT AND CONCLUSIONS OF LAW**</u>

This matter came before the Court upon the filing of
the Plaintiffs' Complaint.  The Court held a trial on this
matter on May 11, 2007.

The Court, after having the opportunity to observe the
witnesses and review this matter, and after having made its
findings of fact and conclusions of law on the record

1

pursuant to Bankruptcy Rule 7052, finds for the Defendant on the complaint and determines that said debt is dischargeable.

This Court, as provided for by the Bankruptcy Rules, supplements the finding of fact and conclusions of law made in open Court with the following:

## FINDINGS OF FACT

1.  The Defendant was one of four unsuccessful candidates running for the Cloverdale Town Council during the municipal elections of 2003.

2.  The Plaintiffs were the successful candidates for the Cloverdale Town Council.

3.  After the 2003 elections, the Defendant and some other unsuccessful candidates retained  Attorney Eric Koch to file suit in Putnam Circuit Court seeking (1) a recount of ballots, and (2) to contest the election based upon assertions that there were irregularities in the conduct of the election.

4.  A recount did not change the outcome of the election.  The Putnam Circuit Court entered judgment in favor of the successful candidates but denied an application for their costs and attorney fees.

5.  Based on advice of counsel, an appeal was taken of the Putnam Circuit Court entry by the Defendant and some of

the other unsuccessful candidates. The Defendant made no independent judgment to go forward with the appeal.  She relied on advice of counsel.

6.  The other side cross appealed as to the denial of their legal expenses.

7.  The Court of Appeals affirmed the trial court's rulings on the merits but remanded the matter as to legal fees.  The Putnam Circuit Court entered a judgment of $11,663.77 against the Defendant (and the other unsuccessful candidates) for the Plaintiffs' legal fees and costs.

8.  The Defendant/Debtor filed her Chapter 7 Bankruptcy on October 12, 2005.

9.  The Plaintiffs initiated this adversary proceeding under 11 U.S.C. section 523(a)(6) on February 10, 2006 asserting that the acts of the Defendant/Debtor in filing the election contest and in appealing the judgment were willful, malicious, and frivolous, and caused injury to Plaintiffs, specifically, the cost of defending against that litigation and Debtor's subsequent appeals.

10.  The adversary proceeding seeks a determination excepting  from discharge the debt for attorney fees and costs in the sum of $11,663.77.

### CONCLUSIONS OF LAW

1.  This Court has jurisdiction to hear and determine

3

the matters before it in this adversary proceeding.

2. For the Plaintiffs to prevail on their 523(a)(6) action, they would have to demonstrate that the debt owing by the Defendant to the Plaintiffs was incurred as the result of willful and malicious injury by the Debtor to the Plaintiffs.

3. Willful and malicious injury is one which the debtor either has a subjective intent to cause harm or objectively his or her  conduct had a substantial certainty to cause harm. <u>Corley V, Delaney</u>, (In Re Delaney), 97 F.2d 800 (5th Cir. La 1996). So to prevail in this case, the Plaintiffs would have had to put on evidence that the Defendant intended to cause the harm to the Plaintiffs by way of causing them to incur legal fees, or objectively that the Defendant, by availing herself of her legal remedies, was substantially certain to cause harm to the Plaintiffs.

4. The Plaintiffs' evidence rests on the findings by the Court of Appeals wherein it stated that the Plaintiffs were entitled to fees because "there is no reasonable or well-grounded basis for the unsuccessful candidates' claims under the election context statute. . .  There is no good faith or rational argument supporting the unsuccessful candidates' claim for a special election.  Also, the special circumstances of election-related litigation make us

4

particularly sensitive to the potential for frivolous litigation". <u>Gaddis v McCullough</u>, 827 N.E. 2d at 76.

5.   The Defendant's pursuit of the appeal was based upon her attorney's advice as to the reasonable likelihood of success in the litigation. It is not for this Court to judge the merits of such advice.  No one can guarantee the outcome of a proceeding.  Mr. Koch, based upon his experience and research on the matter, testified that he advised the Defendant (and other parties to the action) to pursue the appeal.   The trial court judge had found that the evidence was not sufficient to award fees.  However, the Court of Appeals disagreed with the state court judge's decision  on fees and remanded it on this issue. The Court of Appeals found that there was "no good faith or rational argument supporting the unsuccessful candidates' claim for special election" and that there was "no reasonable or well-grounded basis" for the unsuccessful candidates' claims under the election contest statute.  However, a finding that an action was baseless, frivolous or even a finding that there was not a good faith or rational argument supporting the litigants position does not, without more evidence, elevate the conduct to willful and malicious, which is the necessary elements to find that the debt as a result of such conduct should be nondischargeable.

6.   This Court finds no malice on the part of the Defendant in pursuing the legal recourse she and other parties took as the result of advice of counsel.

Based upon the foregoing, this Court will enter a judgment in favor of the Defendant and against the Plaintiffs on the Complaint discharging the subject debt.

###