UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JUDY WHITAKER and JOHN DAVIS, | ) | |
|     Plaintiffs/Appellants, | ) | |
| | ) | |
| vs. | ) | District Court Cause No: |
| | ) | 2:07-cv-178-RLY-WGH |
| PHYLISS JEAN GADDIS, | ) | |
|     Defendant/Appellee. | ) | Bankruptcy Court Cause No: |
| _____ | ) | 05-82917-FJO-7 |
| In re: | ) | |
| PHYLISS JEAN GADDIS | ) | Adversary Proceeding No: |
|     Debtor. | ) | 06-58005 |

**APPEAL FROM THE UNITED STATES BANKRUPTCY COURT**

This matter is before the court on appeal from the United States Bankruptcy Court for the Southern District of Indiana (Otte, J.). Appellants, Judy Whitaker and John Davis (collectively "Creditors"), appeal the judgment of the Bankruptcy Court finding that the debt of Appellee, Phyliss Jean Gaddis ("Debtor"), was dischargeable and not subject to the exception to discharge for "willful and malicious injury" set forth in 11 U.S.C. § 523(a)(6). For the reasons set forth below, the court **REMANDS** this case to the Bankruptcy Court for further factual findings consistent with this opinion.

**I.  Background**

The debt at the center of the present dispute arises from attorney's fees awarded to Creditors by the Indiana Court of Appeals in *Gaddis v. McCullough*, 827 N.E.2d 66 (Ind. Ct. App. 2005). Creditors, along with James McCullough and Brice Jones, were the

successful independent candidates for the Cloverdale Town Council in the November 2003 municipal election. Debtor was an unsuccessful Republican candidate for one of the open positions. Following the election, Debtor, along with the other three unsuccessful candidates for the town council, filed a recount petition and election contest in Putnam Circuit Court. A recount did not change the results of the 2003 municipal election, and the Putnam Circuit Court refused to order a new election. The prevailing candidates sought attorney's fees from Debtor and the other plaintiffs in the state court suit, alleging that their claims were frivolous. The trial court denied the request.

The parties cross-appealed to the Indiana Court of Appeals (the plaintiffs appealing the denial of the new election and the defendants appealing the denial of attorney's fees). *Id.* at 70. The Court of Appeals affirmed the trial court's decision refusing to order a new election but reversed its decision not to award attorney's fees, finding that the state court plaintiffs' claims under the election contest statute were frivolous. *Id.* at 75. Upon remand, the Putnam Circuit Court entered judgment against Appellee (and the three other state court plaintiffs), jointly and severally, in the amount of $11,663.77 for attorney's fees and costs.

On October 12, 2005, Debtor filed for bankruptcy in the United States Bankruptcy Court for the Southern District of Indiana, and on February 7, 2006, Creditors filed an adversary proceeding against Debtor challenging her attempt to discharge the attorney fee debt. Creditors asserted that pursuant to 11 U.S.C. § 523(a)(6), the attorney fee award was a debt for "willful and malicious injury" and, thus, non-dischargeable. Creditors

filed a motion for summary judgment asserting that the doctrine of collateral estoppel barred Debtor from relitigating the issue that she caused a willful and malicious injury to Creditors.[1]  In denying Creditors' motion and setting the matter for trial, the Bankruptcy Court implicitly rejected the collateral estoppel argument.  At trial, the Bankruptcy Court determined that Debtor had not acted with malice because she had relied on the advice of counsel in pursuing the appeal.  Specifically, the Court found:

> The Defendant [Gaddis] made no independent judgment to go forward with the appeal.  She relied on advice of counsel. . . . The Defendant's pursuit of the appeal was based upon her attorney's advice as to the reasonable likelihood of success in the litigation. . . . This court finds no malice on the part of the Defendant in pursuing the legal recourse she and other parties took as the result of advice of counsel.

(Bankruptcy Court's Findings of Fact and Conclusions of Law at Fact # 5, Conclusion ## 5, 6).  Creditors now appeal the Bankruptcy Court's judgment discharging the attorney fee debt.

## II. Motion for Oral Argument

Creditors move for oral argument on the pending appeal, asserting that such argument would assist the court in rendering a decision.  The court finds that the parties adequately addressed the relevant issues in their briefs.  As such, the court **DENIES** Creditors' request for oral argument and continues to the merits of the appeal.

---

[1] Plaintiff also filed a motion for summary judgment in the Bankruptcy Court asserting the affirmative defense that she relied on the advice of counsel in pursuing her appeal in the state court action.

### III. Standard of Review

Factual findings by the bankruptcy court are reviewed for clear error. *In re Birkenstock*, 87 F.3d 947, 951 (7th Cir. 1996). However, the bankruptcy court's conclusions of law are reviewed *de novo*. *In re Forum Group, Inc.*, 82 F.3d 159, 163 (7th Cir. 1996). Whether two issues are identical under the doctrine of collateral estoppel is a question of law reviewed *de novo*. *Adair v. Sherman*, 230 F.3d 890, 893 (7th Cir. 2000).

### IV. Discussion

The issues on appeal in this case are twofold: (1) whether the Bankruptcy Court properly refused to apply the doctrine of collateral estoppel and (2) whether the Bankruptcy Court properly found that Debtor's actions in pursuing the state court case were not willful and malicious, thus discharging the attorney fee debt, because she relied on her attorney's advice in pursuing the state court litigation.

#### A. Collateral Estoppel

Collateral estoppel, or issue preclusion, is a legal doctrine "that serves the 'dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation.'" *Meyer v. Rigdon*, 36 F.3d 1375, 1379 (7th Cir. 1994) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)). In order to apply collateral estoppel to an issue, four elements must be met:

> (1) the issue sought to be precluded must be the same as that involved in the prior litigation, (2) the issue must have been actually litigated, (3) the determination of the issue must have been essential to the final judgment,

4

and (4) the party against whom estoppel is invoked must be fully
represented in the prior action.

*Id*. (quoting *La Preferida, Inc. v. Cerveceria Modela, S.A. de C.V.*, 914 F.2d 900, 906 (7th Cir. 1990)). Collateral estoppel is applicable in bankruptcy proceedings involving the non-dischargeability of debts under 11 U.S.C. § 523(a). *Id*. at 1378–79; *see also Grogan v. Garner*, 498 U.S. 279, 284 (1991).

The parties here dispute whether the issues in the state court action and the present action are the same. In the state court action, the issue was whether awarding attorney's fees to the prevailing party, Creditors, was warranted. Relying on Indiana Code § 34-52-1-1(b)[2] and Indiana Appellate Rule 66(E)[3], both allowing for the award of attorney's fees in certain cases, the Indiana Court of Appeals found that awarding the fees was proper, holding:

---

[2] Indiana Code § 34-52-1-1(b) states:

In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party:
(1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;
(2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or
(3) litigated the action in bad faith.

[3] The appellate court decision actually cites to Indiana Appellate Rule 66(D) but quotes Rule 66(E), indicating that Rule 66(D) was cited in error. Appellate Rule 66(E) states in pertinent part: "The Court may assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees."

> [T]here is no reasonable or well-grounded basis for the unsuccessful candidates' claims under the election contest statute. . . . There is no good faith or rational argument supporting the unsuccessful candidates' claim for a special election. Also, the special circumstances of election-related litigation make us particularly sensitive to the potential for frivolous litigation.

*Gaddis*, 827 N.E.2d at 75.

In the present bankruptcy case, the question is whether the Appellee's debt for attorneys' fees is non-dischargeable under 11 U.S.C. § 523(a)(6). Under Section 523(a)(6), a debt is non-dischargeable if it is for a "willful and malicious injury." "Willful" modifies injury, meaning that non-dischargeablility takes a deliberate or intentional injury. *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). "Malicious" means "in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent to do harm." *In re Thirtyacre*, 36 F.3d 697, 700 (7th Cir. 1994) (quoting *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir. 1986)).

The issue in front of the Court of Appeals was whether Debtor had a reasonable basis for her claim under the election contest statute. Because the Indiana Court of Appeals determined that Debtor's claims were legally baseless, the court answered that question in the negative and awarded fees. However, the question under Section 523(a)(6) is not merely whether an injury was the result of a legally baseless action but whether it was the result of a willful and malicious action. A finding that a case is without merit does not equate with a finding that the case was brought with an injurious intent. No finding was made in the state court action regarding Debtor's subjective intent

in bringing the lawsuit to determine whether her actions were willful and malicious. Those issues were not in front of the Indiana Court of Appeals and were likewise not decided in the state action. However, those findings are required elements to rendering a debt non-dischargeable under 11 U.S.C. § 523(a)(6). The issues in the state court case and the present case are therefore different. The Bankruptcy Court properly refused to apply the doctrine of collateral estoppel to the determination of whether the attorney fee debt was a debt for a willful and malicious injury.

### B. Reliance on Advice of Counsel

Creditors next assert that the Bankruptcy Court erred in concluding that Debtor did not act maliciously when she pursued her legal recourse in state court, as she had relied on the advice of counsel in pursuing her appeal. Creditors argue that reliance on advice of counsel is not an affirmative defense to the non-dischargeability of debts under 11 U.S.C. § 523(a)(6).

While the majority rule is that reliance on the advice of counsel is not a defense to § 523(a)(6), a recognized exception exists "where the reliance was 'reasonable' and there was evidence that the debtor acted in good faith after fully disclosing all facts to his counsel." *In re Sarff*, 242 B.R. 620, 629 (B.A.P. 6th Cir. 2000); *see also In re Better Care, Ltd.*, 97 B.R. 405, 412 (Bankr. N.D. Ill. 1989) (recognizing reliance on advice of counsel a defense to a finding of bad faith in the bankruptcy context where there is no evidence of malice or ill-will). The Bankruptcy Court in this case found that Debtor relied completely on her attorney's advice as to the reasonable likelihood of success in the

7

litigation in pursuing the appeal. Because she relied on her attorney's advice, the court found no malice on the part of Debtor. While the Bankruptcy Court implicitly applied the reliance on advice of counsel defense in holding that the attorney fee debt was dischargeable, it made no express finding that Debtor relied on her attorney's advice in good faith and that such reliance was reasonable.

A finding of good faith and reasonableness is necessary to the reliance of counsel defense. However, such findings are questions of fact, *In re Smith*, 286 F.3d 461, 466 (7th Cir. 2002) (good faith is a question of fact); *In re Hudgens*, 149 Fed. Appx. 480, 485 (question of reasonableness is one of fact), and a reviewing court may not decide factual issues not addressed by the bankruptcy court. *In re Robinson*, 987 F.2d 665, 669 (10th Cir. 1993); *see also In re Excalibur Auto. Corp.*, 859 F.2d 454, 461 (7th Cir. 1988) (finding that the district court erred in making the additional finding of good faith on appeal). The court thus remands this case to the Bankruptcy Court to determine whether Debtor relied on her counsel's advice in good faith and whether such reliance was reasonable. As the Bankruptcy Court's finding that Debtor acted without malice rested wholly on the advice of counsel defense, this court's review is at an end.

## V. Conclusion

For the foregoing reasons, the court **DENIES** Creditors' request for oral argument (Docket # 11) and **REMANDS** this case for findings consistent with this opinion.

**SO ORDERED** this 8th day of January 2008.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

William R. Groth
FILLENWARTH DENNERLINE GROTH & TOWE
wgroth@fdgtlaborlaw.com

Richard Wayne Lorenz
HICKAM & LORENZ P.C.
rwlorenzat2@insightbb.com